[No. 4324.]

RENSBERGER v. BRITTON.

**Practice—Pleading—Res Judicata—Dismissal.**

In an action to set aside a deed on the ground of fraud, the defendant specifically denied every material allegation in the complaint, and also pleaded res judicata. After a jury had been empanelled the issue upon the plea of res judicata was submitted to the court and decided in defendant's favor and the cause was dismissed. No testimony was offered upon the issue raised by the denial of the allegations of the complaint. Held, that the cause was properly dismissed whether or not the court's ruling on the issue of res judicata was correct.

*Appeal from the District Court of Bent County.*

Mr. ALLEN M. LAMBRIGHT and Mr. H. L. LUBERS, for appellant.

Mr. O. G. HESS, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This action was brought by appellant Rensberger as plaintiff against appellee Britton as defendant, to set aside a deed to certain town lots in Las Animas, Bent county, Colorado, which the plaintiff says was obtained from him by defendant's fraud. The result of the trial was a dismissal of the action. In a previous action in the same court, but before another judge, Britton had sued Rensberger to set aside as

fraudulent and void a deed to the same property which the former had made to the latter. In that earlier case Rensberger filed an answer, in which he set forth, as a defense and also as a counterclaim, a former transaction concerning the purchase by him of ranch lands whereby Britton had perpetrated a fraud on him. But the court held that the facts thus pleaded did not constitute a defense to the action, and could not be pleaded as a counterclaim, and thereupon rendered judgment in favor of Britton, which we affirmed at this term.—*Rensberger v. Britton, ante,* p. 77.

After the decision of the former case by the district court, Rensberger brought this action in the same court, setting forth in his complaint as a cause of action the same facts which he had theretofore attempted to plead in his answer in the action brought by Britton against him. In his answer thereto defendant Britton (appellee) specifically denies every material averment of the complaint, and proceeds to set forth a plea of *res adjudicata* of the matters set up in the complaint, which plea is evidenced by the judgment affirmed by us in the other case. A replication was filed, which denies certain allegations of the answer that are affirmative in form but negative in substance, and denies the plea of *res adjudicata.*

To try the issues thus joined a jury was empanelled; whereupon the defendant elected to submit to the court without a jury the issue upon the plea of *res adjudicata,* and upon the testimony thus submitted the court found in favor of the defendant.

The record does not show that any testimony was offered by either party upon the issue raised by the specific denials in the answer of the alleged fraudulent conduct set up in the complaint, and we do not know what verdict, if any, the jury returned upon it. It does appear, however, that after the evidence was

submitted upon the issue joined upon the plea of *res adjudicata*, the court ordered the action dismissed at the cost of the plaintiff, to which exceptions were taken.

These two cases pending here are entirely separate and distinct, so tried below, and still so prosecuted. One is here upon an appeal, the other on writ of error. If, however, we are at liberty to examine one in connection with the other, a peculiar condition is presented.

As already stated, we have held that the action instituted by Britton against Rensberger was rightly decided, because the matters attempted to be pleaded by defendant by way of counterclaim therein could not there be considered. If that decision is right, then, as contended by appellee, it would seem to follow that there was no determination there of the cause of action found in defendant's counterclaim, which is the same cause of action set up in the complaint here, and, as a logical result, that the plea of *res adjudicata* is not good. Such position appears plausible, but there may be force in the argument tending to an opposite conclusion that since the defendant pleaded these same matters by way of a defense and as a bar to the plaintiff's cause of action, and the judgment of the court was against its sufficiency, the cause of action thus pleaded was extinguished by such ruling and could not thereafter be the basis for a new action. 22 Am. & Eng. Enc. Law (1st ed.), 438 *et seq.* We withhold our opinion upon the point because not necessary to a determination of the case. For the purposes of this opinion, however, it might safely be conceded that Rensberger could set up in an independent action the same facts which were thus adjudged to be insufficient, and under which, by the judgment of the district court in the former action, he was denied all relief; yet this judgment we are now considering must

be affirmed for other and wholly independent reasons.

Whether the defense of *res adjudicata* was aptly pleaded is not important, for the replication cured all defects, if any, that appeared in it, nor can we inquire whether the plea was established by the evidence introduced before the court on that issue, because there is no bill of exceptions which, under our practice, we can consider. But if these considerations be ignored, the record affords an insuperable objection to opening the judgment. Every material allegation of the complaint was specifically denied in the answer, and there is not a particle of evidence in the record, so far as we can ascertain, nor was any offered, in support of these controverted allegations.

The judgment, therefore, must be affirmed.

*Affirmed.*